**O'NEILL, Atty. Genl., Ex WEIR, Dir. of Div. of Employment Security, Plaintiff, v. MUTUAL TOOL AND DIE, INC., Defendant.**

Common Pleas Court, Montgomery County.

No. 110394.   Decided October 22, 1956.

William M. Gemmill, Asst. Atty. Genl., for plaintiff.
Nolan, Boesch & Wolff, Dayton, for defendant.

## OPINION

By McBRIDE, J.:

This action was filed by C. William O'Neill, as Attorney General of Ohio, ex relatione Gordon P. Weir, Director of the Division of Employment Security of the State of Missouri. The petition seeks to recover on a finding against the defendant for delinquent contributions assessed as taxes under the Employment Security law of Missouri. The petition in substance otherwise complies with the requirements of §§4141.01 to 4141.99, inclusive, R. C., relating to the collection of unemployment contributions in Ohio from Ohio employers.

A demurrer was filed by the defendant for the reason that the plaintiff does not have the capacity to sue on relation of another state and for the additional reason that the petition does not state a cause of action in that it fails to allege the law of the foreign state upon which the action is based. This raises two questions which must be considered separately.

On the first issue the attorney general relies upon §4141.41 R. C. for his capacity to institute an action in his name on the relation of the Division of Employment Security of the State of Missouri. This section reads as follows:

"* * * The courts of this state shall recognize and enforce liabilities for unemployment contributions imposed by other states **which extend a like comity to this state.**"

"* * *

"The attorney general may commence action in this state **as agent for or on behalf of** any other state to enforce judgments and liabilities for unemployment insurance taxes or contributions due such other state if such other state extends a like comity to this state. * * *"

The right of an officer of the state to sue must be expressly authorized by statute. Gardner's Bates Ohio Civil Practice, Section 7.18; **23 O. Jur. 944.** In this connection the right of the attorney general to sue in any capacity must be determined by the provisions of the Unemployment Act. The last paragraph of §4141.41 R. C., cited by the plaintiff contains a reference to capacity "as agent" which appears to restrict the right of the attorney general to initiate actions in his own name even though the alternative language immediately following otherwise justifies an action ex relatione. This compels the court to review all of the provisions of this Act relative to the right and capacity of the attorney general to institute actions under the statutes as well as by virtue of reciprocal agreements.

**Sec. 4141.27 R. C.,** provides that upon certification from the administrator that an employer has not complied with the law the attorney general

"* * * shall forthwith institute a civil action against such employer

in the name of the state for the collection of such contribution and interest."

The statute then provides for the contents of such petition. Such an action must be brought in the name of the State of Ohio.

Sec. 4141.41 R. C. provides:

"The attorney general may commence action in any jurisdiction by and in the name of the administrator to collect unemployment contributions, forfeitures, and interest legally due this state. The officials of other states which extend a like comity to this state may sue for the collection of such contributions in the courts of this state. A certificate by the secretary of state under the great seal of the state that such officers of the department as designated by the administrator have authority to collect the unemployment contributions shall be conclusive evidence of such authority."

"* * *

"The attorney general may commence action in this state as agent for or on behalf of any other state to enforce judgments and liabilities for unemployment insurance taxes or contributions due such other state if such other state extends a like comity to this state."

Thus when the attorney general of Ohio seeks to collect delinquent taxes against a person outside the jurisdiction of Ohio, the action must be brought in the name of the administrator. The attorney general is not given authority to commence any action outside Ohio in his own name on behalf of the state or on behalf of the administrator in this section. The action must be in the name of the administrator.

This section proceeds to allow "officials of other states" to sue for collection of contributions in the courts of this state, if a reciprocal agreement has been reached or a like comity is extended to Ohio. The statute further provides for the recognition of the authority of "such officers of the department as designated by the administrator" of a foreign state to collect such compensation upon furnishing a certificate by the secretary of state.

After a paragraph which has no application to this problem the section proceeds to authorize the attorney general to "commence action in this state as agent for or on behalf of any other state, if such other state extends a like comity to Ohio.

It is apparent that a diversity of procedure exists in this chapter of the code. Actions within the state must be brought in the name of the State of Ohio. Actions originating here against non-residents may be commenced only "by and in the name of the administrator." The certificate of authority from another state may include other officers "designated by the administrator" of such foreign state to collect such compensation in Ohio.

And finally where actions originate in other states the "officials of other states," or officers designated by the administrators of such other states, may sue if comity exists.

All possible situations having been expressly provided for it at first appears that the final paragraph of §4141.41 R. C. permitting the attorney general to "commence action in this state as agent for or on behalf of any other state" is surplusage. It is apparent that nowhere in the

Act itself does the attorney general otherwise acquire authority to commence an action other than in the name of the state or in the name of the administrator. What then is the purpose of this final paragraph which conditionally authorizes suits as agent for or in the alternative on behalf of another state?

In this connection the authority of the administrator under §4141.42 R. C., to enter into reciprocal agreements for the purpose of determining liability of an employer for payment of contributions takes on significant importance. Other states may provide that actions be filed by and in the name of the attorney general on behalf of such states or on behalf of their officers. Consequently, where such other state so provides for an ex rationale action by their attorney general, the administrator of Ohio is free to enter into a reciprocal agreement with that state which in the interests of comity authorizes the attorney general of Ohio to exercise the same authority as the attorney general of the other state. In other words, the authority of the attorney general of Ohio to commence an action on relation of a foreign administrator of unemployment funds is dependent upon the existence of an agreement establishing like comity of convenience with such other state. If such other state fails to expressly authorize suits ex relatione then the attorney general of Ohio may not do so and may only serve as agent or attorney in actions which must be commenced in the name of the officials of such other state.

Returning to the problem in the instant case it is incumbent upon the attorney general in an action brought in his own name on behalf of another state to allege facts supporting his authority under the comity provision to institute an action which otherwise is not in the name of the real party in interest. The vague reference in the present pleading to the law of Ohio relating to reciprocal agreements fails to allege facts from which the court can determine that the plaintiff has the capacity to sue ex relatione under reciprocal agreement.

The second ground for demurrer relates to a similar problem. The necessity for pleading the law of a foreign state is one that is generally recognized and cannot be questioned. The requirement in §4141.41 R. C. that

"the courts of this state shall recognize and enforce liabilities for unemployment contributions imposed by other states which extend a like comity to this state"

appears to require the courts to recognize judicially the laws which create such liabilities. Here again by reciprocal agreement it is within the power of the administrator to extend to a sister state, which does likewise, the convenience of judicial notice of state laws. And here again to avoid pleading the statutes of Missouri it is necessary for the plaintiff to allege facts indicating that a reciprocal agreement exists and that such agreement includes a provision relative to judicial notice of laws and liabilities so as to bring the case within the conditions imposed by §§4141.41 and 4141.42 R. C.

Demurrer SUSTAINED.